UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CALEB JOSHUA ROGERS,

        Plaintiff,

v.                                      Case No. 22-cv-1223-pp

SCOTT A. RELITZ, JANE CREE
and KEITH LOVELL,

        Defendants.

---

**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE (DKT. NO. 1) AND SETTING DEADLINE FOR PLAINTIFF TO FILE AMENDED COMPLAINT**

---

On October 18, 2022, the plaintiff—who is representing himself—filed a complaint relating to events that occurred at several meetings of American Legion Post #279, in Marshall, Wisconsin, between September 2021 and June 2022. Dkt. No. 1. All three defendants are members/officers of Post #279. Id. at 2–4. Because it is unclear whether the plaintiff has stated a claim or whether the court has jurisdiction to hear the case, the court will dismiss the complaint and give the plaintiff an opportunity to amend.

**I.    Screening Requirement**

Along with his complaint, the plaintiff paid the required filing fee. Under 28 U.S.C. §1915(e)(2)(B)(ii), however, a court must dismiss a case filed by a self-represented person if that complaint fails to state a claim on which relief may be granted.

1

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he need only give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, the allegations "must be enough to raise a right to relief above the speculative level." Id. A *pro se* complaint must be held to less stringent standards and the court must liberally construe the allegations of the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017).

## II. Allegations in the Complaint

The complaint names Scott A. Relitz, Jane Cree and Keith Lovell as defendants. Dkt. No. 1 at 1. The plaintiff says that these individuals worked for "Department of WI, The American Legion" or "American Legion Post #279, Department of WI."[1] Id. at 2-4. The complaint does not explain what role these individuals played in the American Legion.

The plaintiff mentions several statutes throughout the twenty-two-page complaint, including 18 U.S.C. §§1859, 2071, 1505, 1363 and 1369. Dkt. No. 1 at 6, 7, 9. The complaint also refers to "Historical Documents and Treaty-Claims for George Washington's Legacy Arm.—18 U.S.C. §245.d" and "George

---

[1] The American Legion is not a department of the State of Wisconsin. It was chartered by the U.S. Congress and is a nonprofit organization. https://www.legion.org/history.

Washington's Orders for" the Post, and appears to describe events the plaintiff alleges involve "illegitimate handling and removal under 18 U.S.C. of the historical documents." Id. at 6. The complaint says that "[t]he missing documents, dishonesty, concealment, with the opportunity for additional impediments to parliamentary proceedings" "exasperate[ed] tensions." Id. at 7. And the complaint states "[r]ecommended by presiding officer to prefer charges against culprit and conspirators." Id. at 9.

The complaint refers to a Dane County Circuit Court case (Case No. 2022 CV 000622) in which defendant Relitz sought a temporary restraining order against the plaintiff. Dkt. No. 1 at 10, 17. Attached to the complaint is a document indicating that on March 30, 2022, the state court judge entered an injunction prohibiting the plaintiff from harassing or contacting Relitz, as well as requiring the plaintiff to avoid Relitz's residence or any other temporary premises occupied by Relitz, until March 30, 2023. Id. at 17. Part of the plaintiff's requested relief is for "S. Relitz" to "drop civil complaint," id. at 20, which the court assumes refers to this state action.

Much of the complaint appears to focus on alleged procedural wrongdoing and deficiencies in American Legion Post #279, as exemplified by the requested relief:

    1) Complete credential check of current officers.
    2) Return of keys and records, for proper filing in the public record.
    3) By-laws adjustment and parliamentary proceedings to continue.
    . . .
    5) Implement Geo. Wash. orders for Post #279.
    6) Confirm and forward revitalization request to Department of WI.

Dkt. No. 1 at 20–21. The court does not know what the "George Washington Orders" or the "revitalization request" refer to, and the complaint does not provide further explanation. The other requests for relief seem to involve personal matters (such as the state court case) between the plaintiff, American Legion Post #279, and its members:

> 4) National Security Pillar, drop civil complaint S. Relitz arrested and detained for unqualified service
> . . .
> *Personal and public apology with statement of complicity and action to be prohibited WNAXLP . . . Star, Courier (K. Lovell, J. Cree)
> *C. Rogers membership to Post #279, to be afirmed [sic] and upheld as Life Member.
> *Signatures upon request, with civility.

Id. The complaint requested that a U.S. Marshal serve defendants Relitz and Cree at a very specific time (October 20, 2022 at 7:00 P.M.) and appears to seek "arbitration by a Federal Magistrate Judge." Id. at 20.

### III. Analysis of the Plaintiff's Claims

#### A. Failure to State a Claim

Based on these allegations, the court cannot discern a claim under federal or state law. The complaint cites 18 U.S.C. §§245, 1859, 2071, 1505, 1363 and 1369. Dkt. No. 1 at 6, 7, 9. These are all criminal statutes. "[P]rivate persons generally have no right to enforce criminal statutes or to sue under them unless the statute also creates a private right of action." Saleem v. Helman, 124 F.3d 205 (Table), 1997 WL 527769, at *2 (7th Cir. Aug. 21, 1997) (citing Ragsdale v. Turnock, 941 F.2d 501, 509 (7th Cir.1991) (Posner, J., concurring), *cert denied*, 502 U.S. 1035 (1992)). See also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994) (stating

4

the Court has "been quite reluctant to infer a private right of action from a criminal prohibition alone" and has "not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions"); Chapa v. Adams, 168 F.3d 1036, 1038 (7th Cir. 1999) ("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of action.").

The statutes cited in the complaint criminalize obstruction of proceedings before departments, agencies and committees; concealment, removal or mutilation generally; and destruction of veterans' memorials, as well as interference with federally protected activities. None of the six criminal statutes cited in the complaint create private causes of action for a civil lawsuit. This court cannot initiate criminal proceedings and it does not have the authority to enforce these federal criminal laws in a civil lawsuit. See Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) ("[C]riminal statutes that do not provide for a private right of action . . . are thus not enforceable through a civil action."). As a private citizen, the plaintiff cannot compel enforcement of criminal statutes. The complaint does not state a claim on these grounds.

Section 1983 of Title 42 allows a plaintiff to sue a person who has violated his constitutional rights while acting under color of state law. If the plaintiff intends to bring civil rights claims against the defendants under

5

§1983, he has not stated a claim. The American Legion is not a state entity. Its employees (or members) are not state actors; they are private citizens.

"Private persons are considered state actors . . . in certain limited circumstances." Camm v. Faith, 937 F.3d 1096, 1105 (7th Cir. 2019). "The first is where the [S]tate effectively directs or controls the actions of the private party such that the [S]tate can be held responsible for the private party's decision. . . . The second situation is when the [S]tate delegates a public function to a private entity." Id. (alterations in original) (quoting Payton v. Rush–Presbyterian–St. Luke's Med. Ctr., 184 F.3d 623, 628 (7th Cir. 1999)). Additionally, "[a] private person acts under color of state law when she is a 'willful participant in joint action with the State or its agents.'" L.P. v. Marian Catholic High Sch., 852 F.3d 690, 696 (7th Cir. 2017) (quoting Dennis v. Sparks, 449 U.S. 24, 27 (1980)). Put another way, a private person may be held liable "for conspiring with a state actor to violate the constitutional rights of another." Maniscalco v. Simon, 712 F.3d 1139, 1145 (7th Cir. 2013). "The plaintiff must identify a sufficient nexus between the state and the private actor to support a finding that the deprivation committed by the private actor is 'fairly attributable to the state.'" Marian Catholic High Sch., 852 F.3d at 696 (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). The complaint contains no allegation that the three defendants have any nexus with or affiliation with the State of Wisconsin.

Nor could the plaintiff state a claim against the American Legion or against Legion Post #279. "The American Legion . . . is a federally chartered

corporation." 36 U.S.C. §21701. The Supreme Court has held that "a private corporation established under Federal law" is not "a governmental actor to whom the prohibitions of the Constitution apply." San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 542–547 (1987) (internal quotations and citations omitted). In San Francisco Arts, the Court found that "[t]he fact that Congress granted it a corporate charter does not render the USOC [U.S. Olympic Committee] a Government agent," reasoning that "[a]ll corporations act under charters granted by a government, usually by a State" and "[t]hey do not thereby lose their essentially private character." Id. at 543–44. The Court also noted that "the intent on the part of Congress to help the USOC obtain funding does not change the analysis" because "[t]he Government may subsidize private entities without assuming constitutional responsibility for their actions." Id. at 544 (citations omitted).

The Court acknowledged that "the activities performed by the USOC serve a national interest," but stated that the "fact '[t]hat a private entity performs a function which serves the public does not make its acts [governmental] actions.'" Id. (alterations in original) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 842 (1982)). The American Legion "is one of over ninety congressionally chartered corporations in title 36 of the United States Code." Wright v. Am. Legion Dep't of Okla., Inc., 549 F. Supp. 3d 1301, 1307 (N.D. Okla. 2021). "These corporations are 'nonprofit organizations that have as their purpose the promotion of patriotic, charitable, educational, and other eleemosynary activities.'" Id. (quoting Cong. Rsch. Serv., RL30340,

7

Congressionally Chartered Nonprofit Organizations ("Title 36 Corporations"): What They Are and How Congress Treats Them, at 1 (June 17, 2011)). Following the reasoning in San Francisco Arts, this court concludes that Marshall American Legion Post #279 is not a government actor and that the plaintiff cannot bring a constitutional claim against it or the individually named defendants (whether they are its employees, officers or members). See Wright, 549 F. Supp. 3d at 1307 (holding the American Legion Department of Oklahoma is not a governmental actor based on San Francisco Arts); Robinson v. Am. Legion Post 193, No. 3:07cv435/MCR/EMT, 2008 WL 962875, at *3 (N.D. Fla. Apr. 7, 2008) (holding American Legion Post 193 and its officers are not state actors based on San Francisco Arts).

Construing the plaintiff's claims liberally (as it must), the court cannot identify a claim for which a federal court may grant relief. As an aside, the plaintiff also has failed to provide "a short and plain statement of the claim" showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). He has not explained who harmed him, when they harmed him, where they harmed him, how they harmed him and (if he knows) why they harmed him. The complaint fails to state a claim for which a federal court may grant relief.

B.   Lack of Jurisdiction

Nor is it clear that this court has jurisdiction over whatever claims the plaintiff has attempted to bring. Federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states if the amount in controversy is more than $75,000—

8

this is called "diversity jurisdiction." 28 U.S.C. §1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331.

In the "Jurisdiction" section of the complaint, the plaintiff checked the box indicating that he is "suing for a violation of federal law under 28 U.S.C. §1331," which is federal question jurisdiction. Dkt. No. 1 at 20. Although the complaint cites several federal statutes (18 U.S.C. §§245, 1363, 1369, 1505, 1859, 2071), they are criminal statutes that do not provide the plaintiff with a private right to sue. The plaintiff cannot amend his complaint to name the American Legion or Marshall American Legion Post #279 as a defendant rather than the three individuals because "[f]ederal courts cannot exercise jurisdiction over a federally chartered corporation based solely on the fact that it was incorporated under an act of Congress." Wright, 549 F. Supp. 3d at 1308 (citing 28 U.S.C. §1349). See also Harris v. Am. Legion, 162 F. Supp. 700, 710 (S.D. Ind. 1958), *judgment aff'd,* 261 F.2d 594 (7th Cir. 1958) ("No Federal question is involved merely by reason of incorporation pursuant to a Federal Act."); Robinson, 2008 WL 962875, at *3 (holding that plaintiff's §1983 claims against Post 193 and its officers were frivolous "because there is no basis for deeming them state actors" and dismissing the claims "for lack of jurisdiction").

9

Case 2:22-cv-01223-PP   Filed 11/18/22   Page 9 of 13   Document 2

Nor does the court have diversity jurisdiction.[2] "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity." Big Shoulders Capital LLC v. San Luis & Rio Grande R.R., Inc., 13 F.4th 560, 571 (7th Cir. 2021) (citation omitted). "This means no defendant may share the same state citizenship as any plaintiff." Id. According to the complaint, defendants Cree and Relitz both reside in Marshall, Wisconsin. Dkt. No. 1 at 3–4. The complaint does not provide a specific residence for defendant Lovell but indicates that Lovell is a citizen of Wisconsin. Id. at 1–2. The plaintiff states that he is a citizen of Wisconsin. Id. at 1. Because the plaintiff and the three defendants are residents of the State of Wisconsin, this court does not have diversity jurisdiction. The plaintiff cannot amend his complaint to "invoke the Court's diversity jurisdiction against the American Legion because federally created corporations 'are not citizens of any state for purposes of diversity jurisdiction.'" Wright, 549 F. Supp. 3d at 1308 (quoting 1 Federal Procedure, Lawyers Edition § 1:169). See also Harris, 162 F. Supp. at 710, *judgment aff'd*, 261 F.2d 594 (dismissing case in favor of American Legion for lack of diversity jurisdiction because as a federally chartered corporation, the American Legion "is not a citizen of any state for jurisdictional purposes"). Finally, the complaint does not request monetary relief or demonstrate that the amount in controversy is more than $75,000. 28 U.S.C. §1332.

---

[2] "[I]t is the duty of the court to determine whether there is any other basis for jurisdiction." Harris v. Am. Legion, 162 F. Supp. 700, 710 (S.D. Ind. 1958).

### C. Filed in the Incorrect District

The plaintiff appears to have filed the complaint in the wrong district. The federal venue statute states that a civil lawsuit may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. §1391(b)(1)–(2). The complaint indicates that all three defendants are citizens of Wisconsin, and that at least two reside in Marshall, Wisconsin. Dkt. No. 1 at 1–4. Marshall, Wisconsin is in Dane County, which is in the Western District of Wisconsin. See Jurisdiction, U.S. District Court Western District of Wisconsin, available at https://www.wiwd.uscourts.gov/jurisdiction. To the extent that the court can tell what happened, it appears that most of the events that gave rise to the claim occurred in Marshall, Wisconsin. The complaint describes events that occurred at "Luther-Hamshire-Pearsall Post #279, Department of WI, The American Legion" and during general and special meetings of Post #279. Dkt. No. 1 at 6–10. See also id. at 14–16, 18–19 (providing supporting exhibits including Dane County council meetings and agendas and handwritten notes from Post #279 American Legion Council meetings). The complaint also indicates that all three defendants worked for American Legion Post #279. See id. at 1–4. American Legion Post #279 is in Marshall. See Marshall American Legion Post 279, Village of Marshall, https://www.marshall-wi.com. The complaint alleges no facts indicating that

11

the events described in it have any connection to the *Eastern* District of Wisconsin. It appears that venue is proper in the *Western* District of Wisconsin under 28 U.S.C. §1391(b). "If [the court] were not dismissing this case, [it] would transfer it to the [Western] District of Wisconsin where it belongs." Griffin v. Milwaukee Election Comm'n, No. 22-cv-140, 2022 WL 823076, at *2 (W.D. Wis. Mar. 18, 2022). See In re Ryze Claims Solutions, LLC, 968 F.3d 701, 706 n.5 (7th Cir. 2020) ("It is well established that a district court has the authority to sua sponte transfer a case under 28 U.S.C. § 1404.").

**IV. Conclusion**

The court will dismiss the complaint without prejudice and give the plaintiff an opportunity to file an amended complaint. "[W]hen a plaintiff—especially a *pro se* plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend." Felton v. City of Chi., 827 F.3d 632, 636 (7th Cir. 2016) (citation omitted). The court is enclosing with this order a blank complaint form. The plaintiff must use this form to prepare his amended complaint. If the plaintiff is suing for a violation of a federal constitutional provision or a federal statute, he should identify that constitutional provision or statute in the amended complaint. He should provide the court with the "who, what, when, where, why, how" information about his claim. Who injured him? What did each defendant do to injure him? When did they do it? Where did they do it? If he knows, why did they do it? And how did they injure him?

If the plaintiff believes that he can identify a federal constitutional provision or statute that the defendants violated, he also should consider whether he should file the case in the Western District of Wisconsin (United States District Court, Western District of Wisconsin, 120 N. Henry Street, Suite 320, Madison, WI 53703). It appears to this court that that is the appropriate venue for the plaintiff's claims.

The court **ORDERS** that the complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim and for lack of jurisdiction. Dkt. No. 1.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, he must file an amended complaint using the court's form in time for the court to *receive it* by the end of the day on **December 23, 2022**. If the court does not receive an amended complaint from the plaintiff by the end of the day on December 23, 2022, the court will dismiss the case on the next business day without further notice or hearing.

Dated in Milwaukee, Wisconsin this 18th day of November, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**